Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
  gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Appellant ZIONS BANCORPORATION, N.A., dba California Bank & Trust

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 3:21-cv-03765-WHO<br><br>Bankr. Case No. 21-50028-SLJ<br><br>Chapter 7 |
| ZIONS BANCORPORATION, N.A., dba California Bank & Trust,<br><br>Appellant,<br><br>v.<br><br>EVANDER FRANK KANE.<br><br>Appellee. | **APPELLANT ZIONS BANCORPORATION, N.A.'S OPPOSITION TO APPELLEE EVANDER FRANK KANE'S MOTION TO DISMISS APPEAL AS MOOT**<br><br>**Hearing:**<br>Date:   March 30, 2022<br>Time:   2:00 p.m.<br>Place:  Tele/Videoconference (Zoom)<br><br>Hon. William H. Orrick<br><br>Appeal Filed: May 3, 2021 |

Appellant, Zions Bancorporation, N.A., dba California Bank & Trust ("Zions"), opposes the Motion to Dismiss Appeal as Moot ("Motion to Dismiss") (Dkt. 12) filed by appellee, Evander Frank Kane ("Kane").

## I. INTRODUCTION

Kane seeks dismissal of this appeal as being purportedly moot based on the assertion by Kane that his contract with the San Jose Sharks has been terminated and that he has lost $22.8 million in compensation as a result. But, these assertions are unsupported by authenticated or admissible evidence. The Motion also fails to address Kane's net income, much less projected disposable income. Therefore, Kane has not met his "heavy burden" of showing that it is "impossible" for this Court to fashion effective relief.

Even if Kane's factual assertions were supported by credible and admissible evidence (which they are not), the appeal would still not be moot because this Court could fashion effective relief by reversing the Bankruptcy Court and directing conversion of this case to chapter 11. Upon conversion, Kane's earnings from any source—including other NHL teams and under different NHL contracts—would constitute property of the chapter 11 estate and could be used to fund a chapter 11 plan to pay creditors. Indeed, none of the Bankruptcy Court's errors are obviated by the assertions of mootness raised in the Motion. In short, even if the Motion were supported by evidence, it would not be "impossible" for the Court to fashion effective relief.

The Motion to Dismiss should be denied.

## II. FACTS

On May 19, 2021, Zions filed a Notice of Appeal of the United States Bankruptcy Court's *Order Denying Motion to Convert Chapter 7 Case to Chapter 11 and to Appoint a Chapter 11 Trustee* (Dkt. 1).

Zions elected to have this appeal heard by the District Court.

This appeal has been fully briefed. *See* Zions' Opening Brief (Dkt. 5), Kane's Response Brief (Dkt. 8), and Zions' Reply Brief (Dkt. 9).

On February 22, 2022, Kane filed the Motion to Dismiss.

## III. ARGUMENT

As analyzed below, Kane has not met his "heavy burden" to demonstrate that it is impossible for the Court to accord relief to Zions. In addition, even if the factual assertions made in the Motion were supported, they are insufficient for the Court to grant the Motion.

### A. Kane Has Not Met His "Heavy Burden" to Demonstrate that it is Impossible for this Court to Fashion Effective Relief.

A bankruptcy appeal becomes constitutionally moot where "events … occur that make it impossible for the appellate court to fashion effective relief." *In re Focus Media, Inc.*, 378 F.3d 916, 922–23 (9th Cir. 2004) (citation omitted). "The party asserting mootness has a heavy burden to establish that there is no effective relief remaining for a court to provide." *Id.* (citation and alteration omitted).[1]

Here, Kane asserts that the San Jose Sharks terminated his NHL contract "for cause" on or about January 8, 2022, and that he therefore "stands to lose gross compensation totaling $22.8 million for the remainder of his Sharks' contract." MTD at 6:11–20. In support of this assertion, Kane cross-references his Request for Judicial Notice ("RJN"), which attaches what appears to be two computer printouts, Exhibits 1 and 2.

---

[1] Equitable mootness was not raised in the Motion to Dismiss and does not apply because this appeal does not present transactions that are "complex or difficult to unwind." *Cf. In re Transwest Resort Properties, Inc.*, 801 F.3d 1161, 1167 (9th Cir. 2015) (discussing the judge-created doctrine of "equitable mootness" whereby a court elects not to reach the merits of the appeal if "the case presents transactions that are so complex or difficult to unwind that debtors, creditors, and third parties are entitled to rely on the final bankruptcy court order.").

Exhibit 1 to the RJN purports to be an apparent webpage printout, dated January 8, 2022, stating that Kane "has been placed on unconditional waivers *with intent* to terminate his contract…." RJN Exh. 1 (emphasis added). The statement does not say that Kane's contract was terminated for cause or that Kane has lost his right to an asserted $22.8 million in compensation. *Compare* RJN Exh. 1 *with* MTD at 6:11–20. And, Exhibit 2 purports to be another apparent website printout of an article from *The Atlantic* stating that Kane cleared unconditional waivers "clearing the way" for the Sharks to terminate Kane's contract, which termination could, potentially, result in Kane's loss of $22.8 million. RJN Exh. 2. Again, this statement does not say that Kane's contract was terminated for cause or that Kane lost $22.8 million.

Generally, courts take judicial notice of facts, not documents. *See Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020). The Court may take judicial notice of the existence and content of documents, but not the truth of the statements made in those documents. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1000 (9th Cir. 2018); *see also Threshold Enterprises Ltd. v. Pressed Juicery*, Inc., 445 F.Supp.3d 139, 146 (N.D. Cal. 2020) (citing cases applying this rule to website printouts).

Here, Kane is offering the exhibits to the RJN forth the truth of the matter asserted—i.e., that this appeal is now moot because Kane's contract with the Sharks was terminated for cause and he has, therefore, lost $22.8 million in compensation. But, even if the exhibits to the RJN established these assertions (they do not), neither one may be used *for the truth* of these assertions. Even if these exhibits had been authenticated by a sworn declaration (as required by L.R. 7-2(d)), neither one would be admissible because both are hearsay—being offered for the truth of the matter asserted.

The Motion to Dismiss, therefore, lacks evidence to support its central assertion—i.e., that Kane's contract with the Sharks has been terminated for cause

and that, therefore, this appeal is moot because it is impossible for this Court to fashion effective relief in this appeal. Kane has not met his "heavy burden" to demonstrate that this appeal should be dismissed as moot. The Motion to Dismiss should be denied for this reason alone.

### B. Even if the Factual Assertions Had Been Supported by Admissible and Credible Evidence, the Motion to Dismiss Would Still Have Failed to Demonstrate that Effective Relief is Impossible.

The key issue, as presented in the Motion, is whether the appeal is rendered moot by Kane's alleged loss of income to fund a chapter 11 plan. *See* MTD at 4:26–5:2. But this issue turns on Kane's projected disposable income, which is essentially an equation accounting for both projected net income (after deductions) and expenses. *See* 11 U.S.C. § 1129(a)(15).

Here, even if Kane's Motion to Dismiss or the RJN exhibits did provide credible and admissible evidence to support Kane's factual assertion that his contract with the Sharks was terminated for cause and that he lost $22.8 million in compensation, the Motion does not address (or provide any evidence to support) (a) whether Kane receives income from other sources, (b) what his net compensation (after deductions) would be, or (c) what his expenses would be. Indeed, the Motion fails to address whether Kane would or is earning income by playing professional hockey for other professional hockey teams, including, for example, the Edmonton Oilers. *See* Declaration of Debra Gray, ¶¶ 3–4. These aspects are critical for determining Kane's ability to commit his projected disposable income toward payment of a chapter 11 plan—i.e., the crux of Kane's "mootness" argument.

Accordingly, even if Kane's Motion had demonstrated with admissible evidence that his income from the Sharks has been reduced or lost altogether, that fact alone does not necessarily support the assertion that Kane could not fund a chapter 11 plan. Indeed, all of Kane's post-petition compensation—be it from the Sharks or any other professional hockey team—would constitute property of his

individual chapter 11 estate. *See* 11 U.S.C. § 1129(a)(15). And, the termination of Kane's contract with the Sharks would not prevent Kane from using other sources of compensation (including from playing professional hockey for other teams) and seeking permission in a chapter 11 case to pay his reasonable expenses or to request that a trustee accord him a reasonable budget for his household expenses, while funding a plan which contributes his projected disposable income to pay creditors. *See* 11 U.S.C. §§ 1129(a)(15); 363.

Therefore, even if Kane's contract with the Sharks has been terminated, that alone does not make it impossible for the Court to furnish effective relief to Zions (and Kane's other creditors) in this appeal. The Motion to Dismiss should be denied for this reason.

## IV. CONCLUSION

WHEREFORE, the Court should deny the Motion to Dismiss. Kane has not met his "heavy burden" to demonstrate that it is "impossible" for this Court to provide effective relief.

DATED: March 11, 2022

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
GERRICK M. WARRINGTON

By: _____/s/ Gerrick M. Warrington_____
GERRICK M. WARRINGTON
Attorneys for Appellant ZIONS BANCORPORATION, N.A., dba California Bank & Trust